# UNITED STATES COURT OF APPEAL
## FOR THE FIFTH CIRCUIT

LARRY E. CLARK, ET AL      NO. 24-30568

          Plaintiff-Appellant

      v.

MANGHAM, ET AL.,

          Defendants-Appellees

On Appeal from the United States District Court
for the Western District of Louisiana, Shreveport-Division No. 5:24-cv-00770

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPELLANT'S RESPONSE TO
## ALAS AND LISKOW DEFENDANTS' OPPOSITION
## TO CLARK'S MOTION FOR INJUNCTION /STAY APPEAL

---

Larry E. Clark, Pro Se
P. O. Box 76752
Atlanta, GA 30358
(678)754-7324
clark9853@gmail.com


U.S. COURT OF APPEALS
RECEIVED
SEP 19 2024
FIFTH CIRCUIT

# CERTIFICATE OF INTERESTED PERSONS

Per Rule Appellant certifies that the following have an interest in the outcome of this appeal:

1. Larry E. Clark
2. Melvenia S. Clark
3. L & M Hair Care Products, Inc.
4. Robert L. Ledoux
5. The Law Firm of Mangham Hardy Rolfs And Abadie
6. The Law Firm of Brook, Morial, Cassibry, Frachie, & Pizza
7. Attorney Anna E. Dow
8. George B. Land
9. Robert G. Graves
10. Attorneys Liability Assurance Society, Inc.
11. Attorney Robert L. Ledoux
12. Federal District Judge Donald E. Walter
13. An Attorney And Admin. For LA DOTD, Charles D. McBride
14. Federal Magistrate Judge Roy L. Payne
15. Atty. Andrew Barry
16. Federal District Judge Ivan L. R. Lemelle
17. Atty. Terrence J. Donahue Jr.,
18. Atty. John M. Wilson
19. Atty. James Alcee Brown
20. Atty. Gregory C. Weiss
21. Atty. Gus Alexander Frichie, III
22. Atty. Stephen R. Barry
23. Atty. Sheri L. Corales
24. State Judge John M. Guidry
25. Atty. Sarah A. Kirkpatrick
26. LA Dept. of Transp. & Develop.
27. Dr. Shawn D. Wilson
28. Federal Judge Williams E. Davis
29. Atty. Jerald R. Perlman;
30. James M. Dousay
31. Atty. Anna E. Dow;
32. Atty. Julie Larfargue;

2

33. State Judge Jay B. McCallum
34. State Judge Judge Ramon Lafitte
35. Sherri Lebas
36. State Judge Marcus Hunter;
37. Johnny Bradberry
38. The Law Firm of Liskow & Lewis
39. The Law Firm of IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC
40. Atty. Claiborne W. Brown
41. Atty. Normand F. Pizza
42. Atty. William D. Anker
43. Atty. Joseph L. Shea, Jr.
44. The Law firm of Bradley Murchison Kelly & Shea, LLC
45. Magistrate Judge Roy R. Payne
46. Federal Judge Jerry Edwards,Jr.
47. Melanie Nicole Dereinko
48. Chris H. Irvin
49. Edward W. Trapolin
50. Jacque Paul Biggs
51. Stephen Christopher Forston
52. Kristen H. Bayard
53. Charles Bryan Racer
54. Magistrate Judge Kayla D. McClusky

Larry Clark, Sr., Pro Se

P. O. Box 76752
Atlanta, Georgia 30358
Ph. 678-754-7324
Clark9853@hotmail.com

3

## JUDGE LORD JESUS CHRIST SHOWS US ALL THAT THE "ALAS AND LISKOW DEFENDANTS' OPPOSITION TO CLARK'S MOTION FOR INJUNCTION /STAY APPEAL," IS WRONG BY STATING THAT APPELLANT DID NOT OBTAIN APPROVAL FROM A FEDERAL JUDGE BEFORE FILING HIS MOTIONS IN THE DISTRICT COURT

The **ALAS AND LISKOW DEFENDANTS** desire this Federal Appellate Court to deny Appellant's Motion Filed For An Injunction etc., because they wrongfully believe the district court can: control, review, modify, declare void, and/or reverse final state court civil judgments; and that **Appellant did not get approval from a Federal Judge before filing his motion in the district court**, after his state court filed suit was illegally removed to the federal court.

But, after this Court's March 13, 2001 Sanction Judgment was issued, Appellant on November 12, 2010, two letters Requesting Pre-Approval To File Motions were filed into Clark et al., v. Pena, et al., No. cv96-1360. One letter was to the Honorable Magistrate Judge Mark L. Hornsby, and one was to the Clerk of Court (**Exhibits 1 & 2**). Later, Appellant received a response from Tony R. Moore, Clerk of Court, United States District Court Western District of Louisiana, providing in pertinent parts ( **Exhibit 3**):

"Dear Sir or Madam:
We have your recently submitted request which was received November 15, 2010. However, our office is unable to provide the information that you seek for the reason indicated below:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

X    Other : You recently submitted presented two unsigned Rule 60(b) motions, and you directed the clerk to not file the motions. You asked that the motions

4

instead be presented to the magistrate judge for "review and written approval to file an exact copy of the same."

**The Court has asked me to return the papers to you and let you know that the judges of the court do not review or approve motions prior to filings. If you should decide that you want to file a motion, you must sign it and submit to the Clerk of Court for filing."**

Appellant's letter requested approval from the Honorable Magistrate Judge Mark L. Hornsby, because he rendered a Report And Recommendation in the case, Raymond Simmons v. Senator Max Malone, et.. al., No. 06-0200, and Rooker-Feldman was applicable (Copy Attached Exhibit 4). Before Judge Hornsby issued his Report & Recommendation, an earlier had been filed, Simmons v. Payne, et al., No. 04-2117. The Honorable Magistrate Judge Kirk issued a Report And Recommendation in that case. It provided on page one in pertinent part:

"Pro se plaintiff Raymond Simmons, proceeding in forma pauperis, filed the instant civil rights complaint on October 14, 2004. Since he has tentatively been allowed in forma pauperis status (Doc. 3), his complaint is subject to the screening provisions of 28 U. S. C. Section 1915 (e)(2)."

In Simmons v. Payne, et al., No. 04-2117, District Judge Maurice Hicks adopted the Report & Recommendation issued by Magistrate Judge Kirk (**Exhibits 5 & 6**). This U. S. 5th Circuit affirmed the dismissal of Simmons v. Payne, et al., 170 F. App'x 906 (5th Cir.2006).

The July 25, 2024 "MEMORANDUM ORDER" issued by District Court Judge Edwards cited Simmons v. Payne, et al., No. 04-2117, to support the dismissal with prejudice of Appellant's state court filed petition sub judice.

5

However, Appellant was not proceeding in the district court under In Forma Pauperis under 28 U. S. C. Section 1915. Appellant did not have any fees due in federal court and he was still proceeding IFP under a Final State Court Order that had been issued on March 16, 2018, by Caddo Parish Judge Ramon Lafitte, that had been granted under LSA-CCP. Art. 5181, et seq. (**Exhibit 7**).

Later, Caddo Parish Judge Lafitte issued on October 21, 2021 an Order of dismissal without prejudice under LSA-CCP. Art. 561 (**Exhibit 8**), and it along with LSA-CCP. Art. 2001 through 2006 allowed Appellant to file on May 13, 2024 his nullity petition in the state court: to have previously issued State Court Civil Judgments declared void; he added federal civil rights violations as a result of the illegal state court civil judgments; and other cause of actions.

It is clear that the district court July 24, 2024 Judgment, reviewed, modified, declared void, and/or reversed the State Court's March 13, 2018 Order granting Appellant's In Forma Pauperis Motion, as well as the Final State Court's October 21, 2021 Order of dismissal without prejudice, as well as many other issued Final State Courts' Civil Judgments.

Appellant's two page letter addressed to the Honorable Magistrate Judge Mark L. Hornsby requesting approval to file motions provides in pertinent part: "Dear Honorable Magistrate Judge Hornsby:

6

Due to the Rooker Feldman-Doctrine and/or the Federal Barrow Rule, I'll very much appreciate your approval to file two "MOTION FOR VOID JUDGMENT UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(4).........
................................................................................
But as seen in a your "Report And Recommendation" issued in Raymond Simmons v. Senator Max Malone, et al., No. CV06-0200, it was recommended that the case be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman Doctrine. The Simmon's complaint requested the federal court to correct what He had perceived as errors made in the state court litigation. The U. S. District Court adopted the Magistrate's "Report And Recommendation" and dismissed Simmon's appealed to the U. S. Fifth Circuit. In an unpublished opinion #06-30436, issued on August 21, 2007, the U. S. Fifth Circuit affirmed the dismissal under Rooker-Feldman."

Later on December 02, 2010, based upon this U. S. Fifth Circuit's June 30, 1999 unpublished opinion No. 97-30715 issued in <u>Clark et al,. v. Pena, et al.</u>, U. S. Dist Ct. No. cv96-1360 (Exhibit 9), and the Rooker-Feldman Doctrine, Appellant filed into, <u>Clark, et al., v. Pena, et al.</u> cv96:1360, a Rule 60(b) motion **(Exhibit 10)**. Defendant Judge Walter denied it. Appellant appealed. Later in <u>Clark v. Pena, et al., a second</u> unpublished opinion was issued No.11-30724 (U.S. 5th Cir. 6-25-2012) 471 Fed. Appx. 398, 398-99 (5th Cir. 2012). In the opinion this Court ruled in pertinent part:

<u>"Construing his pro se brief liberally, Clark raises no argument that entitles him to relief. We AFFIRM and DISMISS his (1) footnote appeal.</u>

It appears that Clark's Rule 60(b) motion practically seeks to displace the effects of 1 this court's sanctions order. **Despite this court's conclusion that the district court lacked subject matter jurisdiction over his complaint, this court retained the power to impose sanctions for Clark's frivolous conduct.** See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer

7

pending."). Thus, to the extent Clark attempts to avoid sanctions arising out of the district court's 1997 judgment, his appeal lacks merit."

The "**ALAS AND LISKOW DEFENDANTS' OPPOSITION TO CLARK'S MOTION FOR INJUNCTION /STAY APPEAL**," in it, the Appellees do not deny that the Rooker-Feldman Doctrine denies subject matter jurisdiction to all of the related federal suits filed directly into the district courts and/or deny that Rooker-Feldman apply to all related suits removed from the state court to the federal district court; and neither do they deny that the Rooker-Feldman Doctrine deny subject matter jurisdiction to this Appellate Court for all of the past and/or present federal district court cases appealed to this Court.

Furthermore, the Appellees' memorandum opposition does not deny that all of the previously related suits filed directly into the federal district court as well as all the removed state court cases to the federal court including this present removed state court suit show that the Appellant and/or the Plaintiffs had previously lost in the state courts, final state court judgments had been issued; all federal cases filed were a continuation of originally filed state court civil cases; and that all the district courts exercised subject matter jurisdiction, except for, <u>Clark v. Edwards, et., al.</u>, No. 3:21-cv-177, 2022 WL 193741 (M.D. La. Jan. 3, 2022), report and recommendation adopted, No. 21-CV-177, 2022 WL 188 144 (M. D. La. Jan. 20, 2022), appealed dismissed, No. 22-30530, 2022 WL 18673911 (5th Cir. Oct. 12, 2022).

8

In addition, the Appellees' opposition memorandum does not address that the District Court's July 25, 2024 Judgment of Dismissal With Prejudice, clearly shows it also apply to Plaintiffs: Melvenia S. Clark and the corporation, L & M Hair Care Products, Inc. However, the district court also lacked Personal Jurisdiction over these two Plaintiffs; they never appeared in the district court and was never served with the Notice Of Removal. In addition, the Appellees' opposition memorandum refuse to list the two Plaintiffs in their "Certificate of Interested Person," although they were required to do so.

The record for this suit clearly shows that Appellant did not file this removed state court suit into the federal district court. It shows that Appellee Judge Walter removed this suit from state court to federal court. Therefore, even if Appellant had not obtained pre-approval from the Honorable Magistrate Judge Mark L. Hornsby to file his motions on federal court he still could file a response to a filing made against him in the federal court. It would be a violation of procedure and substantive due process under the 5th & 14th Amendment for an Appellee to be allowed to removed Appellant's state court filed civil suit from the state court into the district federal court and then deny Appellant the right to file a response to a Defendants-Appellee's filings made against him in the federal court. It would also be a violation of the equal protection clause of the 5th & 14th Amendment.

9

This Fifth Circuit in <u>Uptown Grill LLC v. Camellia, Gill Holdings, Inc.</u> 46

F. 4th 364 (2022) ruled in pertinent part:

**"'"Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)** (quoting ***Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). The doctrine[6] is jurisdictional. *Id.* at 381. It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).[7] "[I]n addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384-85 (5th Cir. 2017)** (citation omitted)."

A case regarding a federal court's lack of subject matter jurisdiction, <u>Steel</u>

<u>Company v. Citizens For Better Environment</u>, 523 U. S. 83(1998), the U. S.

Supreme Court in ruled in pertinent part:

"The Ninth Circuit has denominated this practice—which it characterizes as "assuming" jurisdiction for the purpose of deciding the merits—the "doctrine of hypothetical jurisdiction." See, *e. g.*, <u>*United States* v. *Troescher*, 99 F. 3d 933, 934, n. 1 (1996).</u>[1]

We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1869). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not

otherwise suggested, and without respect to the relation of the parties to it." *Great Southern Fire Proof Hotel Co. v. Jones, supra,* at 453. The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of 95*95 the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U. S. 379, 382 (1884).

This Court's insistence that proper jurisdiction appear begins at least as early as 1804, when we set aside a judgment for the defendant at the instance of the losing plaintiff *who had himself* failed to allege the basis for federal jurisdiction. *Capron v. Van Noorden,* 2 Cranch 126 (1804). Just last Term, we restated this principle in the clearest fashion, unanimously setting aside the Ninth Circuit's merits decision in a case that had lost the elements of a justiciable controversy:

"`[E]very federal appellate court has a special obligation to `satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it. *Mitchell v. Maurer,* 293 U. S. 237, 244 (1934). See *Juidice v. Vail,* 430 U. S. 327, 331-332 (1977) (standing). `And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it. [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.' *United States v. Corrick,* 298 U. S. 435, 440 (1936) (footnotes omitted).' " *Arizonans for Official English v. Arizona,* 520 U. S. 43, 73 (1997), quoting *Bender v. Williamsport Area School Dist.,* 475 U. S. 534, 541 (1986) (brackets in original). ...........................................................................

.................................................................................................................

While some of the above cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is always an antecedent question, none of them even approaches approval of a doctrine of "hypothetical jurisdiction" that enables a court to resolve contested questions of law when its jurisdiction is in doubt. Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning. *Muskrat v. United States,* 219 U. S. 346, 362 (1911); *Hayburn's Case,* 2 Dall. 409 (1792). Much more than legal niceties are at

stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. See *United States v. Richardson,* 418 U. S. 166, 179 (1974); *Schlesinger v. Reservists Comm. to Stop the War,* 418 U. S. 208, 227 (1974). For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction 102*102 to do so is, by very definition, for a court to act ultra vires."

For Appellant's state court nullity petition sub judice, the district court exercised hypothetical jurisdiction and ruled "This case if frivolous, and otherwise barred by res judicata," In the name of JUDGE **LORD JESUS CHRIST,** Appellant pray for his motion for an Injunction etc., be granted.

Respectfully submitted

BY: Larry E. Clark, Pro Se
P. O. Box 76752
Atlanta, GA 30358
(678)754-7324
clark9853@gmail.com

12

## CERTIFICATE OF SERVICES AND WORD COUNT

I hereby certify that the actual motion contains 2577 Words, 14 pts. Time Roman, and a copy of this "**APPELLANT'S RESPONSE TO ALAS AND LISKOW DEFENDANTS' OPPOSITION TO CLARK'S MOTION FOR INJUNCTION /STAY APPEAL,**" has been served upon attorneys of record by depositing a copy into U. S. Mail properly addressed and with postage prepaid and/or by the Email listed below:

Asst. U. S. Attorney, Kristen H. Bayard
800 Lafayette Street, Ste. 2200
Lafayette, LA 70501
Email: Kristen.bayard@usdoj.gov
Email: Kristen.bayard@usdoj.gov

James A. Brown
One Shell Square
701 Poydras Street, Ste. 5000
New Orleans, LA 70139-5099
Email: jabrown@liskow.com

Asst. LA Att. General C. Bryan Racer
24 Accent Drive, B200, Ste. A
Monroe, LA 71202
Email: racer@ag.louisiana.gov

Asst. LA Atty. General James G. Evans
1885 N. Third Street, Third Floor
Baton Rouge, LA 70802
Email: evans@ag.louisiana.gov

Andrew R. Capitelli
68031 Capitol Trace Row
Mandeville, LA 70471
Email: acapitelli@millinglaw.com

Stephen C. Fortson
401 Edwards Street, Tenth Floor
Shreveport, LA 71101
Email:sfortson@bradleyfirm.com

Gus A. Fritchie III
400 Poydras Street, Ste. 2700
New Orleans, LA 70130
Email: gfritchie@irwinllc.com

Claiborne W. Brown
1070-B  W. Causeway Approach
Manderville, LA 70471
Email:cwbrown@cwbrownlaw.com

Done on this /8th day of _September_ 2024.

Larry E. Clark
P. O. Box 76752
Atlanta, Georgia 30358
(678)754-7324

By: U.S. CERTIFIED MAIL#: 7010 0780 0002 4018 2233

November 12, 2010

Honorable Magistrate Judge Mark L. Hornsby
U. S. District Court
Western District of Louisiana
Shreveport Division
300 Fannin Street
Shreveport, Louisiana 71101-3083

Re: Request For Approval To File Two Rule 60(b)(4) Motions Along
    With Two Supporting Memorandums For Civil Cases:

    Larry E. Clark et al., v. State of Louisiana, et al., Civil Action No.
    98CV-1753 Judge Stagg
    and

    Larry E. Clark et al., v. Frederico Pena, et al., Civil Action No.
    CV-1360 Judge Walter

Dear Honorable Magistrate Judge Hornsby:

Due to the Rooker Feldman-Doctrine and/or the Federal Barrow Rule, I'll
very much appreciate your approval to file two "MOTION FOR VOID
JUDGMENT UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE
60(b)(4)" along with a supporting memorandum in support of each motion.

The final judgments issued by the U.S. District Court in each of the above
referenced cases are void. The U. S. District Court did not have subject
matter jurisdiction in neither of the above referenced cases. There is no time
limit regarding judgments rendered under Rule 60(b)(4).

(page 1 of 2).


EXHIBIT
1

In Clark, et al v. State of Louisiana, et al #CV98-1753, the "REPORT AND RECOMMENDATION" issued on February 16, 2000, by the Honorable Magistrate Judge Payne clearly indicates that the suit was filed by Plaintiff as a result of losing in the State Court of 1st JDC of Caddo Parish. It also reveals that the suit was filed in state court to have declared void many judgments that had been issued in many state suits. Plaintiff's enclosed memorandum clearly shows that the Federal Barrow Rule and/or Rooker-Feldman barred this District Court of subject matter jurisdiction. The suit was a continuation of many previously suits. However, the U.S. District Court issued a judgment on March 20, 2000 deciding parts of the case.

But as seen in a your "Report And Recommendation" issued in Raymond Simmons v. Senator Max Malone, et al., No. CV06-0200, it was recommended that the case be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman Doctrine. The Simmon's complaint requested the federal court to correct what He had perceived as errors made in the state court litigation. The U.S. District Court adopted the Magistrate's "Report And Recommendation" and dismissed Simmons's complaint. Simmons appealed to the U.S. Fifth Circuit. In an unpublished opinion #06-30436, issued on august 21, 2007, the U.S. Fifth Circuit affirmed the dismissal under Rooker-Feldman.

Then in the case, Clark, et al., v. Pena, et al., #CV96-1360, the U.S. District Court dismissed the case with prejudice on February 21, 1997. The case was appealed to the U.S. Fifth Circuit. On June 30, 1999, the U.S. Fifth Circuit issued an unpublished opinion ruling that the U.S. District Court did not have any jurisdiction of the pleadings filed in the U.S. District Court.

It is clear that both judgments rendered by the U.S. District Court in the above referenced cases are void under Rule 60(b)(4), for lack of subject matter jurisdiction, because of Rooker-Feldman and/or the Barrow Rule. Therefore, I would very much appreciate your review of the motions and memorandums and hereby requests for approval to file the same.

Thanking you in advance for your help in this matter, and I remain

Sincerely yours,

*Larry E. Clark*

Larry E. Clark

(page 2 of 2).

Larry E. Clark
P. O. Box 76752
Atlanta, Georgia 30358
(678)754-7324

2

BY CERTIFIED MAIL: 710 0780 0002 4018 2233

November 12, 2010

United States Courthouse
Suite 1167
300 Fannin Street
Shreveport, Louisiana 71101

Re: Request For Approval TO File Two Rule 60(b)(4) Motions
    With Supporting Memorandums For Civil Cases:

    Larry E. Clark, et al., v. State of Louisiana, et al., Civil Action No.
    98CV-1753, Judge Stagg

    and

    Larry E. Clark et al., v. Ferderico Pena, et al., Civil Action No.
    CV96-1360 Judge Walter

Dear Clerk of Court For the Western District of Louisiana:

Please do not file the enclosed unsigned documents.  I need you to present
them to the Honorable Magistrate Judge Mark L. Hornsby for review and
written approval to file an exact same copy of the same.  However I would
like for you to stamp file the enclosed copy of this letter and return it to me.

Thanking you in advance for your help in this matter, and I remain

Sincerely yours

Larry E. Clark





UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
**300 Fannin Street, Suite 1167**
**Shreveport, Louisiana 71101**
**318-676-4273**
**www.lawd.uscourts.gov**

Dear Sir or Madam:

We have your recently submitted request which was received November 15, 2010. However, our office is unable to provide the information that you seek for the reason indicted below:

_____  The court charges for copy work requests. Even if you are granted in forma pauperis status you must pay for your copies (.50 per page) in advance or there must be an order signed by a judge directing us to provide copies at no cost. The total cost for your copy request is _____. Please return your request and payment and we will provide the copies to you.

_____  Pursuant to 28 U.S.C. §955, the Clerk of Court and his deputies shall not practice law. Therefore, we cannot advise you on your specific request.

_____  Our court does not have the information that you have requested. This may be a Louisiana State Court issue or an issue handled by another government entity. Please direct your request to the proper court or government entity.

_____  This document is illegible and or damaged. Please resubmit your request.

__X__  Other : You recently presented two unsigned Rule 60(b) motions, and you directed the clerk to not file the motions. You asked that the motions instead be presented to the magistrate judge for "review and written approval to file an exact copy of same."

The Court has asked me to return the papers to you and let you know that the judges of the court do not review or approve motions prior to filing. If you should decide that you want to file a motion, you must sign it and submit it to the Clerk of Court for filing.

TONY R MOORE
CLERK OF COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RAYMOND SIMMONS                         CIVIL ACTION NO. 06-0200

versus                                  JUDGE STAGG

SENATOR MAX MALONE, ET AL.              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Raymond Simmons ("Plaintiff") is a frequent filer of frivolous litigation. Multiple warnings and small sanctions did not deter Plaintiff from pressing such actions, and the court eventually ran out of patience for Plaintiff's frivolous complaints, waste of judicial resources and the requirement that local governments and public officials waste taxpayer money defending the claims. Judge Hicks dismissed Plaintiff's most recent action as frivolous and imposed a Rule 11 monetary sanction of $2,500. He also revoked Plaintiff's pauper status. See Raymond Simmons v. Magistrate Judge Payne, et al., 04 CV 2117, Doc. 34. There is no indication that Plaintiff has paid the sanction, but his appeal to the Fifth Circuit is pending.

Plaintiff, stripped of his pauper status, paid the $250 filing fee associated with this civil action. The action arises from Plaintiff's failed attempt to run for a Shreveport city council seat. A voter filed a challenge to Plaintiff's candidacy, based on Plaintiff's felony conviction and a state law that bars many felons from elective office, and the state courts held



that Plaintiff was disqualified. The issue was fully litigated throughout the Louisiana judicial system. Plaintiff now asks the federal court to overturn that decision.

It is recommended, for the reasons that follow, that (1) this action be dismissed and (2) that the Clerk of Court be ordered to decline to accept and file any civil complaint submitted pro se by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed.

**The State Court Proceedings**

Plaintiff's complaint, lengthy attachments and reported decisions set forth the facts surrounding the state court proceedings. Plaintiff qualified as a candidate for a city council seat, but a registered voter in the district filed a proceeding in state court that asked to disqualify Plaintiff based on Article 1, Section 10 of the Louisiana Constitution. Section 10 provides that a person shall not be permitted to qualify as a candidate for elective public office if he has been convicted of a felony and has not afterwards "been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced." Plaintiff pled guilty to second degree battery in 1992 and had not received a gubernatorial pardon.

The state courts held that Plaintiff and two other convicted felons were disqualified as city council candidates. See Malone v. Tubbs, 825 So.2d 585 (La. App. 2d Cir. 2002).

Page 2 of 12

Plaintiff later applied to the Supreme Court of Louisiana for a discretionary writ, but the court rejected the application as untimely and then denied reconsideration. See Reeh v. Shyne, 882 So.2d 1147 & 885 So.2d 1133 (La. 2004).

Plaintiff has filed with this court a document that indicates he received an automatic first-offender pardon in 1994. The state court found that Plaintiff had not obtained either an automatic pardon or a full pardon granted by the governor. See Malone, 825 So.2d at 589. But a disqualification would have nonetheless been ordered even if Plaintiff had established an automatic pardon. The state courts held in the same proceeding that candidate Tubbs was not eligible to run despite his receipt of an automatic first-offender pardon, concluding that state law required a gubernatorial pardon.

Plaintiff alleges in his federal complaint that the state appellate court "erroneously interpreted or applied the Constitution or a law of this state or the United States" and that this federal court should exercise its purported "supervisory authority" to correct the erroneous state court decision. Plaintiff names as defendants the citizens who filed the disqualification action, the state district court, the clerk of court, the state appellate court, three appellate court judges, the Supreme Court of Louisiana, and all seven members of the state's high court. Plaintiff also names as defendants his attorney in the state court proceedings, a local preacher who allegedly recommended the attorney, and the Probation and Parole Division of the Louisiana Department of Public Safety and Corrections.

### **Rooker-Feldman Doctrine**

At the heart of Plaintiff's complaint is his request that the federal court correct what Plaintiff perceives as errors in the state court litigation. The Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify or nullify final orders of state courts. Union Planters Bank v. Salih, 369 F.3d 457 (5th Cir. 2004); Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). If a state court or tribunal errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse to the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Id. See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

The Supreme Court recently described the doctrine as applying to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517, 1521-22 (2005). Plaintiff's complaint presents precisely the kind of case to which the Rooker-Feldman doctrine applies, so this federal court lacks jurisdiction to hear what is essentially an appeal from the fully litigated state-court decision.

*Res Judicata*

Plaintiff's attempt to relitigate the state court case in this federal forum also faces an obvious *res judicata* defense. A federal court considering the preclusive effect of a state court judgment must look to the preclusion law of the state in which judgment was rendered. St. Paul Mercury v. Williamson, 224 F.3d 425, 436 (5th Cir. 2000). The relevant Louisiana law is La.R.S. 13:4231. The Fifth Circuit has examined that statute and held that a Louisiana court's judgment bars a later federal suit only if: (1) the judgment is valid; (2) the judgment is final; (3) the parties to the two actions are the same; (4) the cause of action asserted in the federal suit existed at the time of the prior state court judgment; and (5) the cause of action asserted in the federal suit arose out of the transaction or occurrence that was the subject matter of the state court litigation. Lafreniere Park Foundation v. Broussard, 221 F.3d 804, 809 (5th Cir. 2000). The doctrine applies only if "all essential elements are present and established beyond all question." Id. This defense is obviously applicable to the claims against the defendants who were parties to the state-court action and the defendants who are in privity with those parties.

**Judicial Immunity**

Plaintiff has named as defendants the trial court, appellate court, Supreme Court and several individual judges and justices. Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 98 S.Ct. 1099 (1978). Acts are

judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). In this case, the conduct challenged by plaintiff unequivocally falls within a judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's claims against the various state judicial authorities are barred by immunity and are frivolous.

**Clerk of Court Immunity**

Plaintiff complains that the state clerk of court knew about Plaintiff's first-offender pardon certificate and should have filed the certificate in the record of the proceedings in which the conviction was obtained. Plaintiff complains that the clerk failed to do so, requiring Plaintiff to travel to the probation office and retrieve a copy of the document. Plaintiff also complains that the clerk issued a subpoena that was not signed as required by state law.

A clerk of court enjoys absolute immunity from actions for damages arising from acts the clerk is specifically required to do under court order or at a judge's direction. The clerk enjoys qualified immunity for those routine duties not explicitly commanded by a court decree or by a judge's instructions. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980). To the extent an actionable claim against the clerk can be discerned from the complaint, the clerk is entitled to dismissal of the claims based on qualified immunity.

**Other Issues; *Sua Sponte* Dismissal**

There are other issues and defenses that are fatal to Plaintiff's claims against the several defendants. For example, the Eleventh Amendment likely precludes any Section 1983 or state law action in federal court against the Probation and Parole Division or the state courts. There is no diversity of citizenship between Plaintiff and the defendants, and defendants such as Dr. Cash and attorney Larry English are not state actors who are susceptible to claims under Section 1983. There are other problems with Plaintiff's complaint, but the several discussed herein are more than sufficient to warrant *sua sponte* dismissal of the entire complaint.

"A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in Report and Recommendation satisfied due process).

**Sanctions**

Plaintiff's history of multiple, frivolous filings, undeterred by several warnings and prior sanctions, warrants additional measures to avoid more waste of taxpayer funded resources. A summary of Plaintiff's litigation history demonstrates the need for additional deterrent measures.

Plaintiff's first civil action filed in this court was <u>Simmons v. City of Shreveport</u>, 99 CV 743, in which Plaintiff complained that his inoperable van was towed by city officials without justification. Simmons claimed that he was living in the van after a house fire at his home. The case was dismissed as frivolous based on the <u>Paratt-Hudson</u> doctrine, and the Fifth Circuit dismissed an appeal because the notice was not timely filed.

Plaintiff returned in <u>Simmons v. Code Enforcement</u>, 00 CV 686, which was based on the identical facts and circumstances that formed the basis for the first suit. The complaint was dismissed as frivolous because it was barred by *res judicata*. The Fifth Circuit dismissed an appeal as frivolous and issued this warning: "Because of Simmons's continuing frivolous relitigation of the same claims, we caution Simmons of this court's authority to impose sanctions upon parties who take frivolous appeals." Plaintiff filed a petition for certiorari in the Supreme Court, but it was denied.

Plaintiff had, however, already filed a third suit, <u>Simmons v. Twin City Towing</u>, 00 CV 2595. He again complained about the towing of his van, which he said he had been in the midst of restoring so that he could travel and attend law school. The claims were dismissed based on *res judicata* and prescription, and Plaintiff was warned that if he filed any additional frivolous complaints concerning the towing of his van, his pauper status could be revoked and he could be ordered to pay monetary sanctions pursuant to Rule 11. The Fifth Circuit again dismissed an appeal as frivolous and again cautioned Plaintiff that it could impose sanctions for a frivolous appeal. Plaintiff's petition for certiorari was denied.

Plaintiff's fourth case was <u>Simmons v. Dept. of Community Development</u>, 01 CV 917. The complaint focused on Plaintiff's claims that city officials were unfair in handling his request for a grant to remodel his home. The complaint did not focus on the towing of Plaintiff's van, so Magistrate Judge Payne did not recommend sanctions, but he did state: "Plaintiff is now warned that if he files another complaint that is found to be frivolous, to run afoul of F.R.C.P. 11, or to otherwise merit sanctions, sanctions will be recommended and Plaintiff will likely be ordered to pay an amount of money large enough to deter him from filing frivolous suits. He may also be denied pauper status in future cases." Judge Walter adopted the recommendation, and Plaintiff appealed. The Fifth Circuit dismissed the appeal as frivolous, noted the prior warnings, and ordered Plaintiff to pay a sanction of $105, which Plaintiff did pay.

Plaintiff then filed <u>Simmons v. Magistrate Judge Payne</u>, 04 CV 2117 which named as defendants Magistrate Judge Payne, Judge Walter, Judge Stagg, all judges of the Fifth Circuit, the Fifth Circuit Clerk of Court, the Clerk of the Supreme Court, the Attorney General, the Solicitor General, the Governor of Louisiana, and several other state and federal legislators and officials. The towing of the van was once again at the center of the lawsuit. Magistrate Judge Kirk recommended that the case be dismissed as frivolous, that Plaintiff's pauper status be revoked, and that a $5,000 sanction be imposed. Judge Hicks reduced the sanction to $2,500, but otherwise adopted the recommendation. That judgment is on appeal.

Plaintiff paid the $250 fee to file this complaint, so the revocation of pauper status has demonstrably failed to deter Plaintiff from pursuing frivolous litigation. A stronger measure

Page 9 of 12

is in order. Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). Allowing Plaintiff to continue to consume the court's resources with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice.

A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d 32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings." Id. This court has rarely ordered such a drastic sanction, but the sanction has sometimes been found to be the only way to stop a persistent filer of frivolous litigation. See, e.g. Raz v. Storey, 99 CV 1850, Doc. 282. The order requiring pre-approval in Raz ended a string of frivolous actions filed by a pro se plaintiff that had needlessly wasted hundreds of hours of work by judges and chambers employees. Similar action is appropriate in this case to avoid more wasted resources required by Plaintiff's frivolous complaints, which he will almost certainly continue to file absent strong preventive measures. Plaintiff has established a litigation history that demonstrates that a lesser sanction will not be sufficient to deter his frivolous filings.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction as required by the <u>Rooker-Feldman</u> Doctrine or, in the alternative, the several other grounds cited in the report and recommendation.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to accept and file any civil complaint submitted pro se by Raymond Simmons unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 6th day of March,

2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC 1 5 2004

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

RAYMOND SIMMONS

VS.

MAGISTRATE JUDGE PAYNE, ET AL.

CIVIL ACTION NO. 04-2117-S

SECTION P

JUDGE HICKS

MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Raymond Simmons, proceeding *in forma pauperis,* filed the instant civil rights complaint on October 14, 2004. Since he has tentatively been afforded *in forma pauperis* status (Doc. 3), his complaint is subject to the screening provisions of 28 U.S.C. § 1915(e)(2). This matter has been referred to the undersigned for that purpose in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Raymond Simmons is no stranger to the United States District Court. This is the fifth *pro se* civil rights complaint that he has filed in this court since 1999. The records of this court establish the following litigation history:

1. *Raymond Simmons v. City of Shreveport, et al.*, No. 5:99-cv-00743. [Court Exhibit 1]

On April 23, 1999 Simmons filed a civil rights complaint naming the City of Shreveport and the city's Code Enforcement Bureau as Defendants. His allegations were summarized by Magistrate Judge Payne as follows: "Simmons complains that his van was towed by city officials without justification. ... Simmons alleges that after a house fire at his home, Defendants came to his house and towed his van, which contained all of his worldly possessions. Simmons states that

2

he was told to stop sleeping in his van, and several weeks later a wrecker came and towed his van. Simmons is seeking the return of his van and all of his tools and goods that were in the van."

Relying on *Parratt v. Taylor*, 451 U.S. 527, 107 S.Ct. 1908 (1981), *Baker v. McCollan*, 433 U.S. 137, 99 S.Ct. 2689 (1979), *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984), Magistrate Judge Payne opined that the Due Process Clause of the United States Constitution was not implicated by the acts of the defendants and that since Louisiana law provides an adequate post-deprivation remedy, plaintiff failed to state a claim cognizable under 42 U.S.C. § 1983. He therefore recommended dismissal of plaintiff's claim as frivolous. [Exhibit 1, at doc. 6]

On October 7, 1999, Judge Stagg accepted the recommendation and ordered dismissal of Simmons's complaint. [Exhibit 1, at doc. 8] Simmons appealed this judgment to the United States Court of Appeals for the Fifth Circuit. On January 11, 2000, a three judge panel made up of Judges Politz, Higginbotham, and DeMoss dismissed plaintiff's appeal as untimely. [Exhibit 1, doc 10]

2. *Raymond Simmons v. Code Enforcement*, No. 5:00-cv-00686 [Court Exhibit 2]

On April 10, 2000, Simmons filed another complaint. Magistrate Judge Payne summarized the allegations of this complaint as follows, "[Simmons] complains that the City of Shreveport's Code Enforcement Division violated his due process rights by not providing proper notice before towing his van under an inoperable vehicles ordinance." Magistrate Judge Payne then noted, "This complaint is based on the identical facts and circumstances that formed the basis for the first suit." Noting that Simmons was again proceeding *in forma pauperis*, and citing

3

*Marts v. Hines*, 117 F.3d 1504, 1505 (5ᵗʰ Cir. 1997)(*en banc*) ("Dismissals under the *in forma pauperis* statute are in a class of their own, acting not as dismissals on the merits, but, rather as denials of *in forma pauperis* status. Typically, but not exclusively, such dismissals may serve as *res judicata* for subsequent in forma pauperis filings..."), Magistrate Judge Payne recommended that Simmons's second suit be dismissed with prejudice as frivolous. [Exhibit 2 at doc. 6]

On August 8, 2000, Judge Donald E. Walter accepted the recommendation and ordered that this second complaint be dismissed with prejudice. [Exhibit 2, doc. 8] Plaintiff again appealed. Fifth Circuit Court of Appeals Judges Wiener, Benavides, and Dennis dismissed the appeal as frivolous. The court further warned, "Because of Simmons's continuing frivolous relitigation of the same claim, we caution Simmons of this court's authority to impose sanctions upon parties who take frivolous appeals." [Exhibit 2, doc. 15]

Simmons filed a petition for *certiorari* in the United States Supreme Court; however, on October 7, 2002, that court denied relief. [Exhibit 2, doc. 16]

3. *Simmons v. Twin City Towing, et al.*, No. 5:00-cv-02595 [Court Exhibit 3]

On November 22, 2000, plaintiff filed a third civil rights complaint. Magistrate Judge Payne summarized this complaint as follows: "This is the third civil action that Raymond Simmons ('Simmons' or 'Plaintiff') has filed in proper person and *in forma pauperis* ("IFP") concerning the towing of his automobile. Simmons alleges that after his house was damaged in a fire he began sleeping on the premises in his 1979 Chevrolet van. He says that he was in the midst of restoring the van so that he could travel and attend law school. The City of Shreveport had the van towed pursuant to a city ordinance governing inoperable vehicles. Plaintiff alleges that the ordinance and towing violated his constitutional rights." [Exhibit 3, doc. 7] In disposing

4

of this complaint, Magistrate Judge Payne noted, "With respect to the City, *res judicata* bars this action for the same reasons explained in the second law suit. As for the towing company, even if *res judicata* or another preclusion doctrine does not bar Plaintiff's claim against it, the claim is time-barred. Claims under 42 U.S.C. § 1983 that are filed in a Louisiana federal court are subject to a one-year period of limitations. *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). Documents submitted by Plaintiff indicate that his van was towed sometime prior to April 29, 1997. Plaintiff's first civil action was not filed until almost two years after that date. This civil action was filed almost three years later. It is plainly time-barred... Mr. Simmons is hereby placed on notice that if he files any additional frivolous complaints concerning the towing of his van, his pauper status may be revoked (requiring payment of a $150 filing fee) and he may be ordered to pay monetary sanctions pursuant to Federal Rule of Civil Procedure 11." [Exhibit 3, doc. 7]

On March 5, 2001, Judge Stagg accepted the recommendation of the Magistrate Judge and ordered dismissal with prejudice. [Exhibit 3, doc. 11] Again Simmons appealed to the Fifth Circuit Court of Appeals. Chief Judge King, along with Judges Politz and Parker dismissed the appeal as frivolous and noted, "Because of Simmons' continuing frivolous relitigation of the same claims, we caution Simmons of this court's authority to impose sanctions upon parties who take frivolous appeals." [Exhibit 3, doc. 13] Simmons again sought further review in the United States Supreme Court. On October 7, 2002, the Court denied relief. [Exhibit 3, doc. 14]

4. *Raymond Simmons v. Dept. of Community Development, et al.*, No. 5:01-cv-00917 [Court Exhibit 4]

On May 14, 2001, Simmons filed a fourth *pro se* complaint *in forma pauperis*. Magistrate Judge Payne summarized the facts of this complaint as follows: "This fourth complaint focuses

5

on Plaintiff's allegations that City officials were unfair in handling his request for a grant to remodel his home." Magistrate Judge Payne quoted from plaintiff's complaint, "The facts of my case is that, I applied for assistance with the Community Development program about Federal Block Grant Money to have my home repaired when Robert Bo Williams was the mayor and I was discriminated by the people in authoriative [sic] positions. I was lied to and my application was misplaced and I was ask to fill out another. I was talked to rude and the people in the office conspired to cover up and misuse federal funded monies. I was told a house would be donated. I was told that I was going to receive help in rehapbilating [sic] my home." Magistrate Judge Payne determined that this claim was prescribed and thus frivolous. Since plaintiff did not focus the complaint on the towing of his van, Magistrate Judge Payne did not recommend sanctions. He concluded the report with the following: "Plaintiff is now warned that if he files another complaint that is found to be frivolous, to run afoul of F.R.C.P. 11, or to otherwise merit sanctions, sanctions will be recommended and Plaintiff will likely be ordered to pay an amount of money large enough to deter him from filing frivolous suits. He may also be denied pauper status in future cases." [Exhibit 4, doc. 13]

On November 18, 2001, Judge Walter adopted the recommendation and signed a judgment of dismissal. [Exhibit 4, doc. 18] Plaintiff appealed to the Fifth Circuit. A three judge panel composed of Judges Higginbotham, Davis and Parker determined that the appeal was without arguable merit and so dismissed the appeal as frivolous. The panel further noted, "Because Simmons continues to file frivolous appeals despite this court's warnings, Simmons is ordered to pay a sanction in the amount of $105." [Exhibit 4, doc. 20]

5. *Raymond Simmons v. Magistrate Judge Payne, et al.* [The instant complaint]

6

Plaintiff's present complaint is related to his previous complaints. Simmons has joined as defendants United States Magistrate Judge Payne, United States District Judge Walter, and United States District Judge Stagg of this court; he has named all of the Judges of the United States Fifth Circuit Court of Appeals, the Fifth Circuit's Clerk of Court and the Clerk of Court of the United States Supreme Court [all of whom are hereinafter collectively referred to as "the judicial defendants"]; United States Attorney General John Ashcroft, and, Paul Clement, the United States Soliciter General.

Plaintiff claims that the judicial defendants: violated the Louisiana Constitution's provisions which guarantee the right to own property [doc. 1, paragraph 1]; committed "perjury" when they violated their respective oaths of office [*id.*, paragraph 2]; denied him due process of law when they "did not honor the civil summon action and the default judgment against Twin City Towing Company..."[*id*, paragraph 3]; violated Supreme Court Rule 7 by acting as a "defense attorney" [*id.* paragraph 4]; violated the provisions of 42 U.S.C. § 1981 which prohibit dismissal of a suit unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim [*id.*, paragraph 5]; violated plaintiff's constitutional and statutory equal protection, due process, and property rights [*id*, paragraphs 6 -12]; violated the Code of Judicial Conduct by engaging in purposeful discrimination on account of plaintiff's race [*id.* paragraph 13]; and, violated 28 U.S.C. § 2403(A) and purposefully discriminated against the plaintiff [*id.* paragraph 14]. With respect to these defendants, plaintiff prays "...that the default judgment be honored that [he] won against the Department of Codes Enforcement..." He seeks damages of $100,000 from each judge and magistrate judge who violated his rights. He seeks damages against all federal defendants under the Equal Access to Justice Act. He seeks punitive and

7

exemplary damages against all defendants. [*id.* pp. D-22 – D-27]

Plaintiff also sues Kathleen Blanco (the Governor of Louisiana); Charles Foti (Louisiana's Attorney General); Louisiana legislators Lydia Jackson and Earnest Baylor, Eileen Boudin of Louisiana's "Judicial Misconduct Board"; Agent Louis Reigal, III of the Federal Bureau of Investigation; United States Attorney Donald Washington; the 108th United States Congress, including Senator John Breaux, Senator Mary Landrieu, and "Congressmen Jim McCrey" (sic); United States Supreme Court Clerk William K. Sutter, and the Criminal Section of the Civil Rights Division of the Justice Department [all of whom are hereinafter collectively referred to as "the legislative and executive defendants"]. [*id.*, E-1 – E-2]

His claims against these legislative and executive defendants are that they were aware of the injustice that he suffered at the hands of the "judicial defendants" and did nothing to rectify the problem. [See Doc. 1, "Stating the Basics of My Claim"]

Finally, plaintiff also names Bobby DeBose, Shreveport's Department of Codes Enforcement, and, the Twin City Towing Company as defendants.

## LAW AND ANALYSIS

### 1. 28 U.S.C. § 1915(e)(2)(B)

Plaintiff was again permitted to proceed *in forma pauperis* in accordance with the provisions of 28 U.S.C. § 1915. This complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B), which provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

8

relief." 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to both prisoner and non-prisoner *in forma pauperis* cases. See *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

## 2. Judicial Immunity

The court is obliged to consider the applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915(d) determination. As noted by the Supreme Court, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814-15, 86 L.Ed.2d 411 (1985). Judicial immunity is a threshold question, which should be resolved as early in the proceedings as possible. See *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Because absolute immunity is properly viewed as "immunity from suit rather than a mere defense to liability," *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815, it is appropriate for the district courts to resolve the question of absolute immunity before addressing other grounds for dismissal. If a defendant is dismissed on absolute immunity grounds, it becomes clear that the § 1983 plaintiff will never have a claim against that defendant based on the particular facts alleged.

The "judicial defendants," as judicial officers are entitled to absolute immunity from

9

claims for damages arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993). In determining whether or not to apply absolute judicial immunity, the alleged magnitude of the judge's errors and the mendacity of the judges' acts are irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir.1991). Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); see *Forrester v. White*, 484 U.S. 219, 220-21, 108 S.Ct. 538, 540-41, 98 L.Ed.2d 555 (1988) (holding that a state judge's dismissal of a subordinate court employee is not a judicial act entitled to absolute immunity). A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" *Mireles*, 502 U.S. at 12, 112 S.Ct. at 288 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978)). Plaintiff does not complain of any non-judicial actions taken by the judicial defendants and therefore his claim for damages against these defendants should be dismissed with prejudice as frivolous.

### 3. The Legislative and Executive Defendants

In essence, plaintiff faults the legislative and executive defendants for their failure to investigate his allegations of misconduct on the part of the judicial defendants.[1]

---

[1] For example, plaintiff alleged that Governor Blanco "...was informed about the conspiracy to deprive..." him of his property; that Attorney General Foti "...was informed of these unethical practices and asked to investigate..."; that the legislative defendants "...refused to exercise their legislative power in regard to my complaints about the invasion of ... fundamental rights..."; the Judicial Misconduct Board "...violated my rights to an investigation..."; that he "...validated complaints against Government Officials to the F.B.I. on numerous occasions and they did nothing..."; that the United States Attorney "...has willfully refuse[d] to prosecute these

10

The failure of the legislative or executive defendants to investigate plaintiff's complaints, however, is insufficient to state a civil rights claim unless another recognized constitutional right is involved. See, e.g., *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir.1996) (police chief was not individually liable, under § 1983, to claimant raped by police officer based on police chief's failure to investigate rape, inasmuch as failure to investigate did not rise to level of separate constitutional violation of claimant's right); *Burchett v. Self*, 30 F.3d 133, 1994 WL 276865, *2 (6th Cir.1994) (unpublished) (failure to investigate does not raise a constitutional claim); *Scher v. Chief Postal Inspector*, 973 F.2d 682, 683-84 (8th Cir.1992) (inmates failed to state *Bivens* claim based on refusal of post office employees to investigate complaint regarding prison administrators' treatment of their mail); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985) (lack of police investigation, by itself, was not a deprivation of a constitutional right); *Hicks v. Bowles*, 2003 WL 251543, *4, 3:03cv1228-L (N.D.Tex. Feb. 3, 2003) (adopting recommendation of magistrate judge); *Malloy v. City of New York*, 1996 WL 648927, *2 (S.D.N.Y. Nov 07, 1996) (unpublished) (there is no constitutional right to an investigation or arrest of an individual who has committed an assault upon a prisoner unless the omission or inadequacy of the investigation itself resulted in a deprivation of a constitutional right).

Finally, a claim may be dismissed as factually frivolous if the facts alleged are "clearly

---

federal criminal crimes..."; plaintiff "... sent Senator Breaux and his legal advisors on numerous occasions the violations of the judges and magistrates of the state of Louisiana how they defended the violators of my constitutional rights..."; "...Mary Landrieu also has knowledge of the violations of Raymond Simmons's Constitutional Rights and refuses to protect me from the invasion of my fundamental rights..."; "...Congressman Jim McCrey was informed about the denial of a specific constitutional rights violations..."; United States Supreme Court "Clerk of Court, William K. Sutter failed to acknowledge the default judgment that was granted against Twin City Towing Company..."; and, "[t]he Criminal Section of the Civil Rights Division was informed on numerous occasions that ... Simmons's constitutional rights were being violated..."

11

baseless," i.e., "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). "[A] finding of factual frivolousness is appropriate where the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Plaintiff's claims against all defendants are irrational and wholly incredible. Plaintiff proposes a magnificent conspiracy theory – he suggests that the United States Courts, the Clerk of the Supreme Court, the Governor and Attorney General of the State of Louisiana, the United States Congress, the Louisiana Legislature, the Justice Department of the United States, including the United States Attorney for the Western District of Louisiana and the Federal Bureau of Investigation have all conspired to deprive him of his due process, equal protection, and property rights solely on account of plaintiff's race and gender.

Plaintiff's complaint is manifestly frivolous. His allegations are fanciful, irrational, incredible, irrational, and delusional.

### 4. Plaintiff's Motion [Doc. 6]

On October 26, 2004, plaintiff filed a pleading entitled, "Motion for the Default Judgment to be Paid in Full and All of the Civil Rights Violations of Pro Se Litigent (sic) Raymond Simmons Constitutional rights Ignored by the Honorable Judge Payne Be Paid in Full Also."

By way of this pleading, plaintiff asserts that on February 26, 2001 "...a notice of entry of default was given against Twin City Towing Company, a private entity along with the Department of Codes Enforcement both parties operating in their own individual capacity trespassed and violated Raymond Simmons Constitutional Rights when, they took my personal and private property, my van, all of my expensive electrical tools, and other items that was also

12

very special and precious to me." Thereafter, Simmons accuses Magistrate Judge Payne of violations of various provisions of state and federal constitutional and statutory laws, and states:

> "Pro se litigent (sic), Raymond Simmons would like to exercise under the Federal Civil Rights Act 42 of 1986 Same; Action for Neglect to Prevent All parties aledged (sic) in the civil action civil matter docketed CV04-2117-S, all of the judges and magistrates in the judiciary, all of the legislative body of government aledged (sic) in the civil action and all of the executive administration that had the power invested in them to prevent me from all of the abuse, deprivation of rights with no protection under any law, committing the same act and could have prevented it, discriminated against me with purposeful discrimination and racial animus. I would like to ask the court respectfully because of the same wrongful neglect and refusal to protect me, that they may be joined as defendants in the civil action."

Plaintiff concludes this rambling discourse with several prayers for relief. Among other things, he prays (1) "...that the default judgment be honored that I won against the Department of Codes Enforcement, a branch of government of the subdivision, Shreveport along with Twin City Towing Co. both parties operating in their own individual capacity be paid in full according to the applicable law within 10 days." (2) "...that all of the judges and magistrates that is guilty and sign their names to all of the defending motions and laws that they used in the civil conspiracy to deprieve (sic) me under color of law be held liable for their role in this civil action..."

Plaintiff further suggests

> "This civil action law suit is proper against the judges and Magistrate of the United States District of Louisiana, Shreveport Division and the United States Court of Appeals, Fifth Circuit, Office of the Clerk and Clerk of Court of the United States Supreme Court, William K. Sutter, et al., because they all willfully conspired to defend violators of the Louisiana State Constitution, Article I, Declaration of Rights, section 4 in regard to the right to property. With knowledge that the aledged (sic) defendants in the civil action matter case # cv00-2595, Twin City Towing Co. along

13

with the Department of Codes Enforcement, neither party
responded to the civil action summons nor did they file one motion
or junction on behalf of themselves."[2]

Plaintiff has been forewarned about the consequences that would ensue should he continue to pursue such claims in this court. See Exhibit 3, doc. 7 at p. 3 – "Mr Simmons is hereby placed on notice that if he files any additional frivolous complaints concerning the towing of his van, his pauper status may be revoked (requiring payment of a $150 filing fee) and he may be ordered to pay monetary sanctions pursuant to Federal Rule of Civil Procedure 11. He is directed to review that rule before he files another complaint." This suit clearly concerns the towing of his van, and, as has been shown above, this suit is manifestly frivolous. By signing and filing the complaint and motion, plaintiff certified that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims and other legal contentions were warranted by existing law or by a nonfrivolous argument for the extension,

---

[2] Plaintiff believes that the entry of the default judgment on February 26, 2001, against Twin City Towing in the case of *Simmons v. Twin City Towing, et al.*, No. 5:00-cv-2595 [Exhibit 3, doc 10] should somehow have inured to his benefit. Plaintiff is confused. "Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate. A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed.R.Civ.P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) In the referenced case, an entry of default was entered against Twin city Towing; a default judgment was never entered. Instead, judgment was rendered against the plaintiff in accordance with the provisions of 28 U.S.C § 1915. Thus, the "entry of default" referred to herein was, is, and shall be of no moment.

14

modification, or reversal of existing law or the establishment of new law. He likewise certified that the factual contentions have evidentiary support. [See Fed.R.Civ.P. 11] As shown above, those assertions have proven not to be the case and therefore sanctions are appropriate.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint, including his "Motion for the Default Judgment to be Paid in Full..." [doc. 6] be **DISMISSED WITH PREJUDICE** as frivolous as defined by 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** that monetary sanctions in the amount of $5,000.00 (five thousand dollars) be imposed as provided by Fed.R.Civ.P. 11, and, that plaintiff's *in forma pauperis* status be revoked.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

15

**THUS DONE AND SIGNED** in Chambers at Alexandria,  Louisiana, this _____ day of _____ , 2004.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JAN 3 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RAYMOND SIMMONS | CIVIL ACTION NO. 04-2117 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| MAGISTRATE JUDGE PAYNE, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, noting the objections thereto, and after an independent review of the record, having determined that the findings and recommendation of the Magistrate Judge are correct under the applicable law, and noting Plaintiff's long history of filing frivolous suits and failing to pay Court ordered sanctions [See Case No. 01-31403 (5th Cir. 2002)];

**IT IS ORDERED** that the Plaintiff's Civil Rights Complaint [Doc. 6] be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that monetary sanctions in the amount of $2,500.00 (two thousand, five hundred dollars) be imposed as provided by Fed.R.Civ.P. 11, and that Plaintiff's *in forma pauperis* status be revoked.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 28th day of January, 2005.

COPY SENT:
DATE: 1 31 05
BY: CD
TO: INTAKE
FINANCE

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE



# FIRST JUDICIAL DISTRICT COURT

## PARISH OF CADDO

## STATE OF LOUISIANA

MR. & MRS. LARRY E. CLARK, ET, AL.,  : Civil Docket Number 362,381-A

VERSUS

MANGHAM, HARDY, ROLFS, BAILEY
ABADIE, ET AL

## <u>MOTION WITH AFFIDAVIT, ETC TO PROCEED INFORMA PAUPERIS</u>

NOW INTO COURT, Comes Larry E. Clark, In Proper Person, and who

respectfully represents:

1.

In 1986, the Louisiana Department of Transportation And Development

(DOTD) filed three (3) separate expropriation suits against Mover and his former

wife, Melvenia S. Clark, the immoval property owners of the expropriated

property. At the time of the filing of the suits, all of the property expropriated,

was leased to a corporation, L & M Hair Care Products, Inc.(L&M). All stock of

the family owned corporation, is owned by the Clarks's kids. At the time of the

expropriation, the corporation operated a business that manufactured, wholesaled,

retailed, advertised, and marketed, black hair products.

2.

Although L & M, at the time of the expropriation, had several leases with the

Clark, and one of its leases, was recorded into the Public Records, the DOTD did

not make L & M a party to the suits, and to this date, DOTD has not paid L & M,

no compensation for it property rights, and it has for many years, intentionally

destroyed the black hair care business.

PGS ___ EXH ___ MIN ___
CC ___ CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

Received
11/29/2017
16:26

FILED
MAR 02 2018
JIM SCOTT
DEPUTY CLERK OF
CADDO P.

3.

For over Thirty-One years, Mover, Larry E. Clark and L & M Hair Care Products, Inc., have been seeking full constitutional compensation as a result of the expropriations filed by the DOTD.

4.

Besides these suits, many additional state and federal suits have been filed and litigated between the parties as well as between other parties. The suits have been litigated in various federal district courts; federal appellate court, U. S. Supreme Court, this district court, the Louisiana Second Circuit, the state district court of East Baton Rouge Parish, and the Louisiana First Circuit Court of Appeals.

5.

As a result, of the many other state and federal suits filed, all as a result of the DOTD's expropriations, L & M and Mover, have had to retain the services of the following attorneys and/or law firms, located throughout the state:

(1)Broadhurst, Brook, Mangham & Hardy; (2)Mangham, Hardy, Rolfs, Bailey And Abadie; (3) Gravel & Brady; (4) Robert L. Ledoux; (5) Paul Gallagher; (6)Anthony Hollis; (7) Willie Singleton; (8) Philip Bradley; (9)Randy Keene; (10) Hilry Huckaby; (11) Henry Jones, and (12) Darien Lester

6.

Since the DOTD has never paid L & M any money, and destroyed L & M's business operations, for the many years, L & M has had to borrow thousands upon thousands of dollars from Mover Larry E. Clark, and from many others, in order to pay money in advance to the following attorneys for services/retainers/fees: (1)Anthony Hollis, (2) Hilry Huckaby, (3) Henry Jones, (4) Arthur Thomas, (5) Paula Cobb, (6) Philip M. Bradley, (7( Darien Lester, and others.

7.

Also as a result that L & M did not have money the pay for attorney fees, etc. in 2002, the Board of Directors of L & M, issue a corporate resolution for the corporation to sale to Mover, Larry E. Clark, an interest in the corporation's claim

it has against DOTD. The money from the sale was paid to Attorney Paula Cobb for legal services and later Mover paid her thousands more (Attached Exhibits).

8.

As a result that the corporation in 2002 sold Mover, an interest in the corporation's claim against the DOTD, Mover in May 2011, in the corporation's suit L & M v. DOTD #425,690-D,19th JDC, in Baton Rouge, Mover filed Motion To Proceed IFP in 2011, and in 2011, 2015 and 2016, Petitions for nullity. That suit is presently pending to this date, in 2017. The 19th JDC, issued an Order and granted Mover's IFP motion (See Exhibit # Attached Court Order).

9.

Mover submits, that in addition to all of the advanced attorneys' fees paid, over 31 years, Mover has been the one that has paid the many, thousands upon thousands of dollars, for the many state and federal suits for the; filing fees, appeal costs, transcripts costs, travel expenses, copying, expert witnesses fees, and all the other many related costs and expenses, all as a result of the expropriation.

10.

WHEREFORE, Mover, Larry E. Clark, hereby prays that as a result of all of the above, along with attached Affidavit, and Exhibits, that be granted an Order to proceed IFP.

Respectfully submitted,

Larry E. Clark, Pro Se
P. O. Box 76752
Atlanta, GA 30358
(678)754-7324

## FIRST JUDICIAL DISTRICT COURT
## PARISH OF CADDO
## STATE OF LOUISIANA

Mr. & Mrs. Larry E. Clark, et al     : Civil Docket #362,381-A

VERSUS

Mangham, Hardy, Rolf, Bailey, & Abadie

### **ORDER**

After Considering Mover's Motion To Proceed In Forma Pauperis, along with all the attached Exhibits, and the Affidavit;

IT IS HEREBY ORDERED THAT; that LARRY E. CLARK be allowed to to Proceed In Forma Pauper.

Done on this _16th_ day of _March_ _2018._

_____
THE HONORABLE JUDGE RAMON LAFITTE

12

947

MR.&MRS. rrYE. Clark et.al.    *    FIRST JUDICIAL DISTRICT COURT

VERSUS      *    DOCKET NUMBER: 362,381 Div. A

Mangham, Hardy, Rolfs, Bailey      *    CADDO PARISH, LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## In Forma Pauperis Affidavit

### All questions must be answered in full.

<u>Note:</u> Questions 2 and 3 should not be filled in if you are seeking protection from abuse.

1. Your Full Name: Larry E. Clark

 Soc Sec # (last 4 digits): 9853     Date of Birth: 3-10-54

 Age: 63             Sex: M

2. Address: P.O. Box 76752 Atlanta, GA 30358
 (Box Number or Street Address)    (City and State)    (Zip Code)
 (See Note above)

3. Telephone Number(s): (HOME) 678-754-7324 (WORK) _____
 (See Note above)

4. Are you a Student? ☐ YES ☑ NO   If yes, please indicate the name of the school you are attending: _____ Enrollment Status: _____

5. Current Household:
 Single: ☑ Married: ☐ Separated: ☐ Divorced: ☐ Widowed: ☐ Intimate partner: ☐
 How many children do you support who are under 18?   None
 How many children live with you? _____ Do you have any other dependents? None
 State the Name, Age and Relationship to you of the children and dependents:

| NAME | AGE | RELATIONSHIP |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6. What is your current Occupation? Retired   Are you employed? ☐ YES ☑ NO
 (If yes, please complete the following Employer Information)
 Name of Employer: ~~Retired~~
 Address: _____
 (Street Address)    (City and State)    (Zip Code)
 Telephone Number: _____ How long have you been employed? _____

 (If you are not employed, please provide information of your last employer)
 Name of last employer: Advanced Cable Contractors, Inc.
 Address: 1625 Williams Dr. Marietta, GA 30066
 (Street Address)    (City and State)    (Zip Code)
 How long have you been unemployed? May 2010
 What were your monthly wages? Commission Sales

7. <u>Gross Income:</u> (a) State your gross earned income from wages and how you are paid:
 Weekly? ☐ Bi-Weekly? ☐ Monthly? ☐    Amount/month $ 0

 (b) Apart from income or support listed in response to question 8(b) below, how much other income do you receive on a monthly basis? SSI     $1,000.00

 (c) Monthly Deductions: Federal Income Tax: $_____ FICA: $_____ $ 0

 (d) Other deductions: (explain) _____

 TOTAL NET MONTHLY INCOME: (Add question 7 (a) + (b) less (c)) $ 1,000.00

8(a). If you ⬭ married and live with a spouse, please answer: N/A

Is your spouse employed?_____ . What is the occupation of your spouse?_____

Is your spouse paid Weekly?☐ Bi-Weekly?☐ Monthly?☐ Amount/month $_____

Name of spouse's employer:_____

Address: _____

| (Street Address) | (City and State) | (Zip Code) |

Telephone Number: _____ How long has spouse been employed? _____

8(b). Do you or your spouse receive any of the following income or support?☐ YES ☐ NO
If yes, state the monthly amount. SSI: $1,000.00 Disability: $_____
Worker's Comp: $_____ Unemployment Benefits: $_____
Food Stamps: $_____ TANF: $_____ Child Support: $_____
Spousal Support: $_____ Kinship Care Subsidy Grant: $_____ Other: $_____

If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.

9. Do you own or have an interest in any of the following? (Including community property)

| A. | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ 0 | $ |
| AUTOMOBILE | $ 1,000.00 | $ |
| TRUCK | $ 0 | $ |
| WATERCRAFT | $ 0 | $ |
| LIVESTOCK | $ 0 | $ |
| MACHINERY | $ 0 | $ |
| STOCK | $ 0 | ▮▮▮▮▮▮▮ |
| BONDS | $ 0 | ▮▮▮▮▮▮▮ |
| CERTIFICATES OF DEPOSIT | $ 0 | ▮▮▮▮▮▮▮ |
| OTHER IMMOVABLE PROPERTY | Equity $ | Debt $ |

DO YOU HAVE A BANK ACCOUNT(S)?☐ YES ☑ NO  Amount in account(s): $_____
☐ CHECKING ☐ SAVINGS  Name and Location of Bank: _____
TOTAL VALUE OF ASSETS: $ 1,000.00

B. i. List your Monthly Expenses:

| Rent: $ 450.00 | Cable: $ | Car Note: $ |
|---|---|---|
| Lot Rent: $ | Garbage: $ | Car Insurance: $ |
| House Note: $ | Medical Insurance: $ | Transportation: $ |
| House Insurance: $ | Medical Expenses: $ | Food: $ |
| Gas: $ 100 | Dental Expenses: $ | Barber/ Beauty: $ |
| Electricity: $ | Prescriptions: $ | Entertainment: $ |
| Water: $ | Life Insurance: $ 80 | Grooming Supplies: $ |
| Telephone: $ 50 | Daycare: $ | Garnishment: $ |
| Property Taxes: $ | Child Support: $ | Other: $ 50 |

Total Amount of section i:                                     $ 930.00

ii. Credit cards: (List type of card and monthly payment) N/A

| Card Name | Monthly Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |
|  | $ |

Total Amount of section ii:                          $_____

iii. Financial Loans: (List the financial institution and your monthly payment) N/A

| Financial Name | Monthly Payment |
|---|---|
|  |  |
|  |  |
|  |  |

Total Amount of section iii:                          $ 930.00

TOTAL MONTHLY EXPENSES: (Add 9B (i+ii+iii) =Total Monthly Expenses) $ ~~1080.00~~ 980.00

949

10. Does anyone regularly help you pay your expenses? ☐ YES ☑ NO
(a) If yes, state that person's name and relationship to you.
   Name: _____  Relationship: _____
(b). Do you have any additional income or assets that are not shown above? ☐ YES ☑ NO
   If you answered yes to either (a) or (b), please explain:

   _____

   _____

   _____

11. If you have an attorney, what arrangements have you made to pay your attorney's fee? What amount, if any, have you paid? (You are required to answer fully.)

   _____

   _____

12. Has your attorney or the Notary Public told you that you may go to jail if you intentionally give a false answer to any of the above questions? ☑ YES ☐ NO

## MOVER'S AFFIDAVIT

STATE OF ~~LOUISIANA~~ GEORGIA

~~PARISH OF~~ COUNTY _____

BEFORE ME the undersigned authority personally came and appeared:

Larry E. Clark

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

### NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs, **SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.**

The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

Larry E. Clark
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in Atlanta, ~~Louisiana~~ Georgia, this _____ day of _November_, 200 17.

Elizabeth Moser
NOTARY PUBLIC

950

# THIRD PARTY AFFIDAVIT

STATE OF ~~LOUISIANA~~ GEORGIA

~~PARISH~~ OF _____

COUNTY

BEFORE ME, personally came and appeared: Wallace Charles, who, after being sworn, deposed and said that he/she knows Larry E. Clark, well and that he/she knows that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

_____
Signature of Witness

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in Atlanta, ~~Louisiana,~~ this 27 day of November, 200 17. Georgia

_____
NOTARY PUBLIC

## ONLY IF APPLICABLE
## LEGAL SERVICE PROGRAMS' DECLARATION

I ATTEST that I am a duly authorized representative of a Legal Services Program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these Legal Service Programs, and that _____ has produced evidence that he/she receives public assistance benefits, or that he/she has qualified to receive free legal services based on his/her income being less than or equal to 125% of the federal poverty level and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of litigating without prior payment of costs.

_____
Legal Services Program or Pro Bono Project Representative

## ORDER

Considering the foregoing Pleading and Affidavits:
let _____ prosecute or defend this litigation in accordance with Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or as they accrue or furnishing security therefor.

THUS, READ AND SIGNED, this 13 day of Dec, 200 17, in _____, Louisiana.

now granted

3.2.18

_____
DISTRICT JUDGE

FIRST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO. 362,381                                             SECTION "A"

LARRY E. CLARK

VERSUS

MANGHAM, HARDY, ROLFS & ABADIE, ET AL.

FILED: _____          _____
                                                   DEPUTY CLERK

*********************************************************************

### ORDER

Considering the foregoing Ex Parte Motion to Dismiss Without Prejudice as Abandoned

Pursuant to Louisiana Code of Civil Procedure article 561 filed by Attorneys' Liability Assurance

Society, Ltd.,

IT IS HEREBY ORDERED that the motion is GRANTED and that this action is hereby

DISMISSED, without prejudice, effective as of March 29, 2004.

Shreveport, Louisiana, this _____ day of October, 2021.

_____
District Judge
First Judicial District Court
Caddo Parish, Louisiana

SHERIFF PLEASE SERVE pursuant to Article 561(A)(3):

Larry E. Clark (*pro se*)
via LONG ARM SERVICE OF PROCESS
at the TWO addresses listed below:

Larry E. Clark
4703 Calibre Creek Parkway
Roswell, Georgia 30076

-and-

Larry E. Clark
P.O. Box 76752
Atlanta, Georgia 30358

5311503



1057

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

No. 97-30715
Summary Calendar

JUN 2 0 1999

CHARLES R. FULBRUGE III
CLERK

LARRY E. CLARK; L & M HAIR CARE PRODUCTS INCORPORATED,

Plaintiffs-Appellants,

versus

FREDERICO PENA, Secretary of United States Department of
Transportation; RODNEY SALTER, Administrator of United States
Department of Transportation; FRANK DENTON, Secretary of
Louisiana Department of Transportation and Development; JAMES M.
DOUSHAY, Administrator of Louisiana Department of Transportation
and Development,

Defendants-Appellees.

- - - - - - - - - -

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1360

- - - - - - - - - -

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

The motion for sanctions filed by Louisiana Department of
Transportation and Development (LDOTD) Secretary Frank Denton and
LDOTD administrator James M. Doushay (Louisiana defendants) is
GRANTED and their motion to strike certain of Appellants' pleadings
is DENIED AS MOOT.

There is no federal jurisdictional basis for the pleadings
filed in the district court by Larry Clark and L & M Hair Care

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.



Products, Inc. Likewise there is no jurisdictional basis for the motions to nullify various state court judgments filed by the Appellants in this court. We DISMISS Appellants' motions for lack of jurisdiction and DISMISS the appeal AS FRIVOLOUS.

Based on our review of the record, it appears that attorneys Hilry Huckaby and Henry B. Jones have signed frivolous pleadings drafted by Clark, a non-attorney, as an accommodation to allow Clark to circumvent this court's order that Clark is not authorized to file pleadings on behalf of L & M. Hair Care Products, Inc. Furthermore, the Appellants' filings in the district court and in this court constitute a blatant attempt to relitigate a matter resolved adversely to them in state court and over which the district court has no jurisdiction. Consequently, we impose the following sanctions. We award double costs and attorney fees to the Louisiana defendants and ORDER each of Clark, Attorney Huckaby, and Attorney Jones TO PAY to the Louisiana defendants one-third of the total amount of this sanction. The Louisiana defendants are DIRECTED TO SUBMIT to the Clerk of this Court an itemized list of their fees and expenses within 15 days of this order. Additionally, Clark, L & M, Attorney Huckaby, and Attorney Jones are each ORDERED TO PAY to the Treasury of the United States damages of $1000, for a total of $4000, as partial reimbursement of the costs incurred by the government in defending the Secretary of the U.S. Department of Transportation (DOT) and DOT administrator John Salter in this matter.

Clark is WARNED that any future frivolous filings by him, or the filing on his behalf of any frivolous pleadings which appear to

have been prepared by Clark and signed by an attorney as an accommodation, will result in Clark's being barred from filing any pleading or appeal in this court or in any court which is subject to this court's jurisdiction without the advance written permission of a judge of the forum court.  Attorneys Huckaby and Jones are ADMONISHED of their duty not to file frivolous pleadings and WARNED that future frivolous filings in this court will result in the imposition of more severe sanctions.

Appellants' MOTIONS DISMISSED FOR LACK OF JURISDICTION; APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR SANCTIONS GRANTED; MOTION TO STRIKE PLEADINGS DENIED AS MOOT; SANCTIONS IMPOSED; COUNSEL ADMONISHED; SANCTION WARNINGS ISSUED.



RECEIVED
BY: CSV

DEC 0 2 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LARRY E. CLARK                    CIVIL ACTION N0. 96-1360
AND
L & M HAIR CARE PRODUCTS, INC.,

VERSUS                            JUDGE DONALD E. WALTER

FREDERICO PENA, ET AL             MAG. JUDGE HORNSBY

---

## MOTION FOR VOID JUDGMENT
## UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(4)

1.

NOW INTO COURT COMES, PLAINTIFF LARRY E. CLARK, in

PROPER PERSON , and who respectfully request this HONORABLE

COURT, for relief from the judgment issued on FEBRUARY 20, 1997

and filed on FEBRUARY 21, 1997, and who proceeds as following:



2.

By certified letter dated November 12, 2010, Plaintiff Larry E. Clark requested from this Honor Court "Request For Approval To File Two Rule 60(b)(4) Motions With Supporting Memorandums For Civil Cases" copy attached (Exhibit 1). .

3.

Later by letter from the Honorable Clerk of Court Tony R. Moore, Plaintiff was informed that this letter was received on November 15, 2010, and the letter stated in pertinent part: "The Court has asked me to return the papers to you and let you know that the judges of the court do not review or approve motions prior to filing. If you should decide that you want to file a motion, you must sign it and submit it to the Clerk of Court for filing" copy attached (Exhibit 2).

4.

PLAINTIFF LARRY E. CLARK in 1996 filed this "PETITION FOR MANDATORY INJUNCTION AND/OR WRIT OF MANDAMUS" against several officials of the STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTAION & DEVELOPMENT (DOTD), and against official of the UNITED STATES DEPARTMENT OF TRANSPORTATION.

5.

Later, Plaintiff Larry E. Clark filed a motion for summary judgment and the State Defendants filed a motion to dismiss under Rule 12 and motion for sanctions.

6.

Then on February 20, 1997, this Honorable Court issued its "MEMORANDUM RULING AND ORDER" that granted the State Defendants' Rule 12 dismissal, and denied Plaintiff's motion for summary judgment (PEX-1).

7.

Also, on February 20, 1997, this Honorable Court issued a judgment in accordance with the above ruling (PEX-2).

8.

After the entry of the above judgment, Plaintiff filed an appeal with the U.S. Fifth Circuit Court of Appeals.

9.

On June 30, 1999, the U. S. FIFTH CIRCUIT COURT OF APPEALS issued an Opinion in the matter, N0. 97-30715 Summary Calendar. The Court ruled that there was no federal jurisdictional basis for the pleadings filed in the district court by Plaintiff (PEX-3).

10.

A judgment issued by a Court without any jurisdiction is void.

11.

Rule 60(b)(4) of the FEDERAL RULES OF CIVIL PROCEDURE provides relief from a judgment if it is a "Void Judgment."

12.

Years later on October 5, 2005 a Commissioner with the 19th JDC of East Baton Rouge Parish issued a "REPORT & RECOMMENDATION" in Larry Clark et al., v. State of Louisiana, DOTD,et al., #425,690-D. It recommended that an exception of res judicata be granted to LDOTD based upon the February 20, 1997 void judgment issued by this Court and a void judgment issued on March 20, 2000 in Larry E. Clark et al., v. State of Louisiana, DOTD, et al., #CV98-1753 Judge Stagg (Exhibit #PX-2).

13.

On October 31, 2005, the Judge for suit #425,690-D 19th JDC of East Baton Rouge Parish issued an order that adopted the "Report & Recommendation" issued by the Commissioner that recommended that res judicata be granted to DOTD based upon this Court February 20, 1997 void judgment and the void judgment rendered

On March 20, 2000 by Judge Stagg in CV98-1753 (Exhibit PX-3).

14.

On or about November 17, 2005 DOTD, et al  filed in the 19th JDC, suit #425,690-D a "PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION AND PEREMPTORY EXCEPTION OF MOOTNESS" based upon the February 20, 1997 void judgment issued by  this Court and the void judgment issued by Judge Stagg in  #CV98-1753  (Exhibit PX-4).

15.

On or about January 6, 2006 DOTD et al., filed a "MEMORANDUM IN SUPPORT OF DEFENDANTS' EXCEPTION OF MOOTNESS AND EXCEPTION OF NO CAUSE OF ACTION" based upon the February 20, 1997 void judgment issued by this Court and the March 20, 2000 void judgment issued by Judge Stagg in CV98-1753 (Exhibit PX-5).

16.

On January 23, 2006 the 19th JDC, East Baton Rouge Parish held a hearing on the exceptions filed by DOTD, et al., in suit #425,690-D, based upon the February 20, 1997 void judgment of this Court and the March 20, 2000 void judgment issued in CV98-1753 by Judge Stagg  (Exhibit PX6).

17.

On August 28, 2006, the 19th JDC of East Baton Rouge Parish held another hearing on the exception of mootness and exception of no cause of action filed by DOTD, et al., in suit #425,690-D. It granted the exceptions based upon the February 20, 1997 void judgment issued by this Court and the March 20, 2000 void judgment issued in CV98-1753 by Judge Stagg (Exhibit PX-9).

18.

Then on September 11, 2006, the 19th JDC of East Baton Rouge Parish rendered a judgment that granted res judicata, exception of mootness and exception of no cause of action filed by DOTD et al, in suit #425,690-D based upon the February 20, 1997 void judgment issued by this Court and the March 20, 2000 void judgment issued in CV98-1753 by Judge Stagg (Exhibit PX-10).

WHEREFORE, because of the "OPINION" issued on June 30, 1999, N0. 97-30715 Summary Calendar, by the UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT therein ruling that this U.S. District Court had no jurisdiction over the case. Plaintiff prays that the judgment issued by this Honorable Court on February 20, 1997, and filed on

February 21, 1997 be declared void for lack of any federal jurisdiction, and the judgment be without prejudice.

Respectfully submitted,

*Larry E. Clark*

Larry E. Clark, Pro Se
P. O. Box 76752
Atlanta, Georgia 30358
(678)754-7324

## CERTIFICATE

I Larry E. Clark hereby certify that a copy of this Rule 60(b)(4)Motion has been mailed to Attorney Charles E. Soileau, P. O. Box 5, Rayne, Louisiana 70578 attorney of record for the officials for LDOTD, and to Attorney John Robert Halliburton, U.S. Attorney's Office 500 Fannin Street, Ste. 3201, Shreveport, Louisiana 71101-3068, and by depositing a copy into the U. S. Mail properly addressed and with postage prepaid. Done on this 30th day of November 2010, Atlanta, GA.

*Larry E. Clark*

LARRY E. CLARK



Retail

U.S. POSTAGE PAID

70130 **$9.85**

RDC 03   0 Lb 12.60 Oz   R2303S104131-47

**PRESS FIRMLY TO SEAL**

# POSTAL SERVICE® | MAIL

**FROM:** Larry E. Clark
P.O. Box 76752
Atlanta, GA
                    30358

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**TO:**

Clerk of Court
U.S. Fifth Circuit
600 S. Maestvi Pl.
Ste. 115
New Orleans, LA
                    70130

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSUR**

EXPECTED DELIVERY DAY: 09/19/24

USPS TRACKING® #

PS00001000014

EP1
OD: 12 1/2 x 9 1/2

9505 5111 8038 4261 9928 30

USPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.